UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DIANA M. TRIMBLE,<br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Defendant. | Case No. 1:16-cv-826<br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 29) and plaintiff's addendum to its motion[1] for approval of attorney fees (Doc. 34). The Commissioner filed a response to plaintiff's addendum indicating no opposition to the motion. (Doc. 35).

On June 6, 2017, the undersigned recommended that this case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 18). On September 18, 2017, the District Judge rejected the Commissioner's objections and adopted the Report and Recommendation in its entirety. (Doc. 21). On remand, a new hearing was held and the ALJ issued a favorable decision on August 6, 2018, finding plaintiff disabled as of November 19, 2012. (Doc. 29 at 3). On January 8, 2018, the Court awarded plaintiff $4,080.00 in attorney fees and $400.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24).

Plaintiff states that she petitioned for $6,000.00 in attorney fees for representation at the administrative level. (Doc. 34 at 2).[2] Plaintiff further states that pursuant to § 406(b)(1)(A), the

---

[1] On April 25, 2019, plaintiff submitted an addendum to its motion for attorney fees, requesting $1,283.02 in fees instead of $7,410.88, as originally listed in the motion.
[2] Counsel states that "[t]he fee contract was not approved at the hearing level as the ALJ found that the contract did 'not include a maximum dollar amount award for services beyond the Appeals Council.' A fee petition was required." (Doc. 34 at 2 n.1).

Commissioner withheld 25 percent of past-due benefits—or $11,763.02—as a potential contingency fee to be awarded to plaintiff's counsel. (*Id.* at 2, n.2). Plaintiff now seeks an award of $1,283.02 in attorney fees under § 406(b) for 32 hours of work performed before the Court. (Doc. 29 at 4, Doc. 34 at 2). The $1,283.02 fee request represents 25 percent of plaintiff's past-due benefits ($11,763.02), less the amount plaintiff petitioned for work performed at the administrative level ($6,000.00), less the EAJA fee previously awarded by the Court ($4,480.00) (to be credited to plaintiff). (*Id.*).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case,

whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Plaintiff acknowledges that the Social Security Administration withheld $11,763.02 - 25% of plaintiff's past-due benefits - from those benefits for attorney fees. (Doc. 34 at 2, n.2). Plaintiff has petitioned the Administration for an award of $6,000.00 for work performed at the

administrative level, leaving a potential contingency fee amount of $5,763.02. Even though plaintiff has been awarded EAJA fees of $4,480.00, the effective hourly rate must be based on the total of the remaining potential contingency fee of $5,763.02, without reduction of the EAJA fee award. *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018). As explained in *Ringel*:

> It is true that the EAJA's Savings Clause bars duplicative awards, and that an attorney who recovers a second, larger fee under 42 U.S.C. § 406(b) must refund the duplicate EAJA fee to the claimant. However, the effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the total fee sought is incorrect, as the EAJA fee is a wash. Here, [the] . . . effective hourly rate is calculated by reference to [the total fee requested] (including her prior EAJA award) divided by the total number of hours expended. The return of an EAJA fee is not a compromise and does not reduce the effective hourly fee sought but only prevents double recovery for the same work.

*Id.* (footnotes omitted). Thus, the proper approach is to perform the *Hayes* calculation using the full 25% contingency amount of $5,763.02, without reducing that amount by the prior EAJA fee award. The Court will therefore treat plaintiff's request for a § 406(b) fee award as a request for the full contingency amount of $5,763.02 in analyzing whether the fee request is reasonable.

Here, the fee of $5,763.02 that plaintiff requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested attorney fee is reasonable given attorney Henry D. Acciani's experience and background, which includes admission to several bars and representing clients in Social Security cases since 1979. (Doc. 29 at 3-4). Plaintiff has also submitted an itemized billing sheet demonstrating that his attorney performed a total of 32 hours of work on the case in this Court. (*Id.* at 6; Doc. 34 at 4). Plaintiff has also submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25% of past-due benefits. (Doc. 29 at 7).

4

Dividing the $5,763.02 requested by plaintiff by the 32 hours counsel worked on this case before the Court yields a hypothetical hourly rate of $180.09. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

Plaintiff's counsel has not provided his hourly rate for non-contingency fee cases. Although the Court will ordinarily adopt the hourly rate approved by the Court in connection with a fee petition under the EAJA, *see, e.g., Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011), the parties' joint stipulation to award attorney fees under EAJA did not include an hourly rate. However, judges in this Court have approved substantially higher effective hourly rates in contemporaneous and comparable disability appeals than the $180.09 hourly rate requested by plaintiff here. *See, e.g., Scott v. Comm'r of Soc. Sec.*, No. 1:16-cv-697, 2018 WL 4109412, at *5 (S.D. Ohio Aug. 29, 2018)

5

(Report and Recommendation), *adopted*, 2018 WL 4690785 (S.D. Ohio Sept. 28, 2018) (and cases cited therein with effective hourly rates ranging from $539.57 to $709.00 per hour).

Considered in the context of the attorney fees awarded in comparable cases, the undersigned finds that the hourly rate of $180.09 does not exceed the amounts typically awarded in such cases and does not constitute a windfall to plaintiff's counsel. Plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining a favorable disability determination on remand. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment. Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $1,283.02 ($5,763.02 less $4,480.00 EAJA fee credit) is reasonable for the work plaintiff's counsel performed in federal court.

It is therefore **RECOMMENDED** that plaintiff's § 406(b) motion for attorney fees and accompanying addendum (Docs. 29, 34) be **GRANTED** and that counsel be **AWARDED** $1,283.02 in fees.

**IT IS SO RECOMMENDED.**

Date: 7/18/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DIANA M. TRIMBLE,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:16-cv-826
Black, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).